· LEE *v.* KIRBY.

Opinion delivered October 29, 1906.

PARTNERSHIP—RATIFICATION OF AGREEMENT.—A partner will be held to have ratified an agreement made by his copartner with another partner whereby the latter was released from the firm, if the circumstances were such as to put him upon inquiry as to the terms of such agreement.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*J. Bernhardt* and *Taylor & Jones,* for appellant.

1. There can be no dissolution of a partnership at will until notice is given of the intention to dissolve or the fact of withdrawal, and such notice to be effectual must be explicit and be communicated to all the partners. 17 Am. & Eng. Enc. Law (1 Ed.), 1097-8. One partner can not bind another by purchasing the interest of a third. 121 Ind. 87. Nor can two of three partners make a settlement of partnership accounts which will be binding upon the third. 4 Greene (Ia.), 403.

2. As to Lee Brothers, there was no partnership. And. Law Dict. 749. Associations which do not have for their object gain are not partnerships. The purpose of every partnership must be the transaction of some business for profit. 22 Am. & Eng. Enc. Law (2 Ed.), 72; 22 How. (U. S.), 333. But, if there was such a partnership, appellant was not bound by the acts of his copartner unless the latter was acting within the apparent scope of the business of the firm. 34 Am. Dec. 613; 28 Am. Dce. 518, and note; 2 Daniel, Neg. Inst. (5 Ed.), 355 *et seq;* 4 Ark. 450; 14 Ark. 29; 17 Am. & Eng. Enc. Law (1 Ed.), 990;

Lindley, Part. 125 and 316; 74 Tex. 218; 22 Am. & Eng. Enc. Law (2 Ed.), 145 *et seq.*; 43 Mo 391.

3. A person who is held out as a partner is not estopped from denying partnership except as to those who knew of such holding out previously to extending credit and were misled thereby. 22 Am. & Eng. Enc. Law (2 Ed.), 59. It is not a question of benefit accruing to Lee Brothers under the contract signed by F. T. Lee in their name, but did the *firm* enter into the contract? Lindley, Part. 190; 22 Am. & Eng. Enc. Law (2 Ed.), 164.

*White & Altheimer,* for appellee.

1. The court's finding that C. E. Lee is bound by the act of F. T. Lee in executing the dissolution contract between Lee Bros. and W. R. Kirby should be sustained (*a*) because F. T. Lee was the active member of the firm with complete authority from appellant to do as he saw fit; (*b*) because he was the agent of appellant, who ratified all the acts, accepted the benefits and assumed the burdens thereof, and was so held out to the world and to appellee by appellant.

2. By permitting F. T. Lee to transact his business and sign his name, and by holding him out to the world as his agent; by seeing the absence of Kirby from the boat after July 24, 1900, and receiving half the income and paying half the expenses of the boat after that date, and by reason of publication of notice of dissolution, appellant either knew of the contract of his agent or deliberately or intentionally failed to advise himself thereof. Appellant is bound by F. T. Lee's acts done within the scope of his authority. 55 Ark. 242; 42 Ark. 97; 55 Ark. 627; 48 Ark. 138; 49 Ark. 320; 57 Ark. 203.

McCULLOCH, J.     W. R. Kirby, the appellee herein, and appellant, C. E. Lee, and his brother, F. T. Lee, were co-partners, under style of Independence Packet Company, in the ownership and operation of a steamboat; and Kirby instituted this action at law against them to recover the sum of $368.89 alleged to have been paid out by him in satisfaction of partnership debts since the dissolution of the firm. He alleges that by contract in writing duly executed dated July 24, 1900, which is set forth in the pleadings, the co-partnership was dissolved, and he was released

from all debts of the firm, and that the defendants agreed to pay said debts. This contract was signed by Kirby and by "Lee Bros. by F. T. Lee."

Appellant, C. E. Lee answered separately, denying that he executed this contract or authorized its execution, or that he ever ratified or affirmed it, and denying that he ever agreed to pay the debts of the firm. On his motion the case was transferred to the chancery court, and the trial there resulted in a decree in favor of Kirby against both of the defendants for the amount sued for. C. E. Lee alone appealed.

Both of the Lees testified that C. E. Lee never authorized the signing of the dissolution contract, and the latter also testified that he never knew of the existence of the contract until this action was instituted, nearly two years afterwards. In reply, however, to the direct question propounded to him whether or not his brother had the right to sign the name of Lee Bros. to the contract, he said that "he went ahead just like most other brothers. He signed whatever he wanted to, and I did the same."

F. T. Lee had charge of the business, so far as the interest of both of the Lees was concerned, and frequently signed the name of Lee Bros. to notes, the validity of which C. E. Lee never disputed and expressly recognized by payment. F. T. Lee, in response to a question propounded to him concerning his expenditure of moneys belonging to him and his brother, said: "I was spending our money; we considered whatever belonged to one belonged to the other at that time."

Kirby testified that C. E. Lee was not present when the contract was signed, but that he and F. T. Lee talked over the matter with the former at some other time.

It is admitted that after the execution of this contract Kirby had nothing more to do with the boat, and that C. E. Lee knew this. He knew that his brother, F. T. Lee, was assuming to execute contracts in the name of Lee Bros., and that Kirby had been released from the partnership upon some terms. He was thereupon put upon inquiry as to the terms of the dissolution, and by failing to inquire or object to the terms is deemed, under the circumstances, to have assented to and affirmed the contract made in his name by his brother.

We think that the chancellor was right in finding that there was a ratification of the contract, and the decree is affirmed.